RE: MATTERS OF HABEAS APPLICATION
    CAUSE NO. 241-0010-13-A

DATE: 02/06/2015

EX PARTE MAURICE CAIN

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS, IN AUSTIN.

CAUSE NO. __WR - 82, 716 - 02__

**RECEIVED IN
COURT OF CRIMINAL APPEALS**

**FEB 10 2015**

**Abel Acosta, Clerk**

ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, MAURICE CAIN, RELATOR herein, and files this "ORIGINAL PETITION FOR WRIT OF MANDAMUS" complaining of "THE ABUSE OF DISCRETION THROUGH A CONSPIRACY TO CONCEAL MATERIAL FACTS," in the 241st JUDICIAL DISTRICT COURT, SMITH COUNTY, TYLER, TEXAS, JUDGE JACK SKEEN JR. presiding, with CONSPIRATORY PARTICIPANT'S: SMITH COUNTY DISTRICT CLERK, LOIS ROGERS; SMITH COUNTY CRIMINAL DISTRICT ATTORNEY D. MATT BINGHAM; and, ATTORNEY OF RECORD STEN MARTI LANGSJOEN; RESPONDENT(S) herein, with RELATOR showing as follows:

I

PROCEDURAL FACTS

RELATOR submitted an 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS to the SMITH COUNTY DISTRICT CLERK'S OFFICE that was FILED SEPTEMBER 03, 2014 (CLERK'S SUMMARY SHEET [CSS HEREIN])(SEE CSS at pages 1 - 19), SMITH COUNTY DISTRICT CLERK, LOIS ROGERS through DEPUTY LINDA RHYMES gives CONFIRMATION OF FILING. (CSS at page 34).

RELATOR submitted "PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL" on SEPTEMBER 05, 2014 (CSS at pages 20, 22, 24, and 26), that was FILED SEPTEMBER 03, 2014 (CSS at pg. 20), NO COMFIRMATION OF FILING.

RELATOR submitted "MOTION FOR ORDER DIRECTING DEFENSE COUNSEL TO RELEASE DEFENDANT'S RECORD" on SEPTEMBER 08, 2014 (CSS at pg. 37) NO CONFIRMATION OF FILING.

RELATOR RECEIVED CONFIRMATION OF "STATE'S ANSWER TO APPLICATION FOR WRIT OF HAABEAS CORPUS AND DESIGNATION OF ISSUES" (CSS at pgs. 38 - 41) FILED SEPTEMBER 12, 2014, however, "MEMORANDUM ORDER" FILED SEPTEMBER 19, 2014 (CSS at pg. 41) was BLANK WITH NO COMFIRMATION OF FILING (SEE ATTACHMENT A, ATTACHED HERETO).

RELATOR RECEIVED from ATTORNEY OF RECORD, STEN MARTI LANDSJOEN, A CONFIRMATION LETTER FOR RECEIPT OF RELATOR'S "MOTION FOR ORDER DIRECTING DEFENSE COUNSEL TO RELEASE DEFENDANT'S RECORDS," DATED SEPTEMBER 30, 2014, advising relator of his right to copies, AND VIDEO RECORDING OF ARREST, AND WAS TO CHECK WITH TDCJ UNIT STAFF HOW TO SUBMIT TO

1

I

PROCEDURAL FACTS

ALL ITEMS, HOWEVER TO THIS DATE ATTORNEY HAS FAILED TO SUBMIT SAID ITEMS (SEE ATTACHMENT B, attached hereto), AS OF THIS DATE FILED TO COURT OF CRIMINAL APPEALS.

RELATOR submitted "NOTICE CHANGE OF ADDRESS: LETTER TO SMITH COUNTY DISTRICT ATTORNEY D. MATT BINGHAM explaining BRADY MATERIAL SOUGHT WAS THE THREE INDIVIDUAL VIDEO RECORDINGS OF THE TWO POLICE OFFICER'S AND THE PARAMEDIC VIDEO 'NOT THE EDITTED / CONSOLIDATED VERSION PRODUCED BY THIS DISTRICT ATTORNEY BUT THE ORIGINALS (CSS at pg. 42) referenced in the REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED PHOTOGRAPHIC / SOUND RECORDINGS, CERTAIN ASSOCIATED POLICIES, AND INFORMATION (CSS at pgs. 42, 44-46); and, "LETTER TO CLERK'S OF THE: 241st DISTRICT COURT AND COURT OF CRIMINAL APPEALS, REVEALING NEW ADDRESS, FILING OF AFOREMENTIONED REQUEST, AND COMPLAINING OF MEMORANDUM BLANK ORDER RECEIVED FROM DISTRICT ATTORNEY OFFICE WITH **NO DATE FOR ATTORNEY LANGSJOEN AFFIDAVIT TO BE FILED** (ATTACHMENT A, compare CSS at pg. 41);" submitted OCTOBER 15, 2014 (CSS at pgs. 42, 43, 46), FILED OCTOBER 17, 2014 with NO CONFIRMATION (CSS at pg. 42).

RELATOR received ATTORNEY STEN MARTI LANGSJOEN'S AFFIDAVIT, mailed NOVEMBER 14, 2014, certified NO. 7009/1410/0000/7437/7374, FILE STAMPED 2014 NOV 14 PM 3:19 (CSS at pg. 47). DOCUMENTATION RELATOR received consisted of CSS PGS. 47 – 63, NOTICE, **AGAIN**, CSS pg. 51 **NOT SIGNED NOR NOTORIZED**, FURTHER NOTICE CSS pgs. 47 – 51 "DO NOT have a date and TIME IN THE LOWER RIGHT CORNER AS DO CSS PGS 52 – 63." NOR DOES AMENDED NOTICE OF FILING (CSS at 64 – 65) FILE STAMP DATED 2014 NOV 18 PM 1:03 (CSS at pg 64) with **NOTORIZED AFFIRMATION TO AFFIDAVIT,** SUBMITTED AND FILED 4 DAYS PRIOR ( COMPARE, CSS at pgs. 47 & 51; 64 & 65).

RELATOR submitted NOVEMBER 28, 2014, an AFFIDAVIT / ADDENDUM TO 11.07 APPLICATION IN RESPONSE TO: AFFIDAVIT OF STEN MARTI LANGSJOEN, FILED 2014 DEC –2 AM 11:08 (CSS at pgs. 66 – 70), NOTICE DISTRICT CLERK'S LETTER (CSS at pg. 70) ..."in this HABEAS PROCEEDING to be filed as an ADDENDUM / RESPONSE in said proceeding." NO COMFIRMATION.

RELATOR submitted DECEMBER 14, 2014, a MOTION ORDERING ACCESS TO RECORDS (CSS at pgs 71 – 73), FILED 2014 DEC 16 AM 10:54 (CSS at pg. 71). NO CONFIRMATION.

RELATOR received JANUARY 07, 2015 the STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS (CSS at pgs. 74 – 80, with attached documentation pgs. 81 – 104), FILED 2015 JAN –2 PM 2:15 (CSS at pg. 74). NOTICE ATTACHMENT I – AFFIDAVIT OF MR. STEN LANGSJOEN (CSS at pgs. 81 – 99) **NOTARY PAGE BLANK** (CSS at pg. 87); ATTACHMENT II – LETTER OF JULY 10, 2014 (CSS at pgs. 100 – 101) REQUEST DOCUMENTATION FAVORABLE TO DEFENSE (CSS at pg 101) NO CONFIRMATION, FILED 2014 JUL 15 –– ––:23; and, FILED 2015 JAN 12 PM 3:32 (CSS at pg 102) WRIT OF HABEAS CORPUS FINDINGS OF FACT AND

2

## I

## PROCEDURAL FACTS

CONCLUSION OF LAW (CSS at pgs. 102 - 104), SIGNED AND DATED BY JUDGE JACK SKEEN, JR. (COMPARE, ATTACHMENT C, at pgs. 1 - 3), however, ATTACHMENT C was an attachment to STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS, FILED 2015 JAN -2 PM 2:15, NOW SAME DOCUMENT FILED 2015 JAN 12 PM 3:32, and SIGNED BY JUDGE JACK SKEEN, JR., AND DATED 12 JANUARY 2015.

RELATOR, UPON RECEIPT JANUARY 07, 2015 of the STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS (CSS at pgs. 74 - 104, as explained above), DID SUBMIT "APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO STATE'S SUPPLEMENTAL ANSWER," the morning of JANUARY 12, 2015 in compliance with "THE MAILBOX RULE" ( See TEX. R. APP. PROC.[TRAP] RULE 49.1; also, RAMOS v RICHARDSON, 228 SW 3d 671, 673 (TEX. 2007); SPOTSVILLE v CAIN, 149 F 3d 374, 377 (5th CIR. 1998); FED. R. APP. PROC. RULE 25 (a)(2)(C)) and was to be CONSIDERED TIMELY FILED THAT VERY DAY OF JANUARY 12, 2015 (SEE ATTACHMENT D: APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO STATE'S SUPPLEMENTAL ANSWER, at pgs. 1 - 5, omitting CLERK'S LETTER and UNSWORN DECLARATION), WITH NO CONFIRMATION OF FILING OR SUBMISSION TO COURT OF CRIMINAL APPEALS AS OF PRESENT DATE.

RELATOR received: JANUARY 15, 2015, CLERK'S SUMMARY SHEET (CSS) PAGES 1 - 110, also INCLUDED, LETTER OF PROCEEDING HELD, LETTER OF COMPLIANCE TRAP RULE 34.5 (a) & (b), signed by LINDA RHYMES and DATED JANUARY 13, 2015 (THE SAME DAY MAILED OUT TO RELATOR, WITH ONLY NOTIFICATION OF "FINDINGS OF FACT AND CONCLUSION OF LAW ORDER SIGNED BY JUDGE JACK SKEEN, JR."[CSS at pgs. 102 - 104]), and TABLE OF CONTENTS (COMPLETE CSS 1-110).

## II

## THE ABUSE OF DISCRETION
## THROUGH A CONSPIRACY
## TO CONCEAL MATERIAL FACTS

RELATOR as a PRO-SE LITIGANT, confined in the TDCJ-ID, acquires an already insurmountable, nearly impossible, task to demonstrate RELATOR'S BURDEN OF PROOF, then to add the diminishing factor that THE SMITH COUNTY DISTRICT CLERK, LOIS ROGERS; THE RELATOR'S ATTORNEY OF RECORD, STEN MARTI LANGSJOEN; THE CRIMINAL DISTRICT ATTORNEY, D. MATT BINGHAM; and, A 241st DISTRICT JUDGE JACK SKEEN, JR., PARTICIPANT'S herein, having entered into an agreement inferred from the concert actions among the PARTICIPANT'S and to be considered voluntary from the collation of circumstances to follow (SEE, 18 USCA 371; US v THON, 917 F 2d 170, Id.), these become the precursors for "THE ABUSE OF DISCRETION THROUGH A CONSPIRACY TO CONCEAL MATERIAL FACTS."

When there is a need for the PARTICIPANT'S to act and failure to act when there is a DUTY TO DO SO, PARTICIPANT'S RECKLESSLY DISREGARD RELATOR'S RIGHTS as follows:

## THE ABUSE OF DISCRETION
## THROUGH A CONSPIRACY
## TO CONCEAL MATERIAL FACTS

A. THE SMITH COUNTY DISTRICT CLERK, LOIS ROGERS, AS PARTICIPANT.

RELATOR FILED numerous documentation to be presented to the 241st DISTRICT COURT, however, was never made aware by this CLERK of said filings and/or said presentations, with the exception of "LETTER TO DEFENDANT ACKNOWLEDGING RECEIPT OF WRIT 09-03-14 (See CLERK'S SUMMARY SHEET [CSS] at pg. 34)," until receipt of CSS 01/15/2015, revealing filings only, but NO NOTIFICATION OF COURT PRESENTATION OF RECORD (See CSS entirety).

RELATOR'S presentation of the numerous documentation with submission and filing dates as follows:

| CSS PAGES | SUBMITTED/PG. NO.(S) | CSS FILED/PG. NO.(S) |
|---|---|---|
| 1) 20 - 26 | SEP 05, 2014 / 20,22,24,26 | SEP 3, 2014 / 20 |
| 2) 37 | SEP 8, 2014 / 37 | SEP 10, 2014 / 37 |
| 3) 42 - 46 | OCT 15, 2014 / 42,43,46 | OCT 17, 2014 / 42 |
| 4) 66 - 70 | NOV 28, 2014 / 69 | DEC 2, 2014 / 66 |
| 5) 71 - 73 | DEC 14, 2014 / 73 | DEC 16, 2014 / 71 |
| 6) 100 - 101 | JUL 10, 2014 / 100,101 | JUL 15, 2014 / 101 and, |
| 7) ATTACHMENT D 1 - 5 | JAN 12, 2014 / 5 | UNKNOWN FILING. |

The SMITH COUNTY DISTRICT CLERK, LOIS ROGERS' blatant violations of duties and lack of requisite process has deprived and prejudiced the interests for RELATOR'S RIGHT to include a fair and impartial review of facts through relevant material, and to REDRESS THE GOVERNMENT in a judicial process, that as designed and structured was to be implemented as practiced without an oppressive, abusive, and grossly prejudicial application to this RELATOR. The actions of the PARTICIPANT is totally lacking in even a facsimile of reasonable procedural safeguards that are CONSTITUTIONALLY sufficient to protect against unjustified deprivations of RELATOR'S FUNDAMENTAL RIGHTS AND RIGHT TO DUE PROCESS.

PARTICIPANT'S acts of commission and/or omission, whether by calculated intent and design, or combined error, incompetance, apathy and ignorance, has committed an ABUSE OF DISCRETION TO CONCEAL MATERIAL FACTS RELEVANT to the HABEAS PROCEEDING DECISION.

THE COURT OF CRIMINAL APPEALS ALL THINGS CONSIDERED SHOULD REVERSE AND REMAND FOR FURTHER PROCEEDINGS WITH COUNSEL APPOINTED TO ASSIST RELATOR IN ALL MATTERS.

B. THE HIRED ATTORNEY OF RECORD, STEN MARTI LANGSJOEN, AS PARTICIPANT.

The RELATOR'S GROUND FOR RELIEF was designated for future resolution per MEMORANDUM ORDER OF THE 241st JUDICIAL DISTRICT COURT, JUDGE JACK SKEEN, JR., presiding, and as SPECIFIED was to be **HELD BY WAY OF AFFIDAVIT ONLY CONCERNING THE ALLEGATIONS OF EFFECTIVE ASSISTANCE OF COUNSEL.** However, MEMORANDUM ORDER (See, ATTACHMENT A) was made part of STATE'S ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS AND

## THE ABUSE OF DISCRETION
### THROUGH A CONSPIRACY
### TO CONCEAL MATERIAL FACTS

DESIGNATION OF ISSUES, that had neither been FILE STAMPED, DATE ISSUANCE FOR SUBMISSION had not been entered, NOR HAD THE JUDGE SIGNED OR DATED THE ORDER (See, ATTACHMENT A). FURTHERMORE, there was NO ISSUANCE FROM THE SMITH COUNTY DISTRICT CLERK, AS ORDERED IN MEMORANDUM ORDER, AND AS REQUESTED BY RELATOR OCTOBER 15, 2014, in his "NOTICE OF CHANGE OF ADDRESS", "REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED PHOTOGRAPHIC / SOUND RECORDINGS, CERTAIN ASSOCIATED POLICIES, AND INFORMATION," that included LETTERS TO: D. MATT BINGHAM, CRIMINAL DISTRICT ATTORNEY SMITH COUNTY; AND, CLERK'S OF THE COURT: 241st DISTRICT COURT C/O LOIS ROGERS, DISTRICT CLERK; and, COURT OF CRIMINAL APPEALS, C/O ABEL ACOSTA, COURT CLERK; specifically designated at, "FOR THE 241st POST CONVICTION WRIT CLERK,"through entirety (See, CSS at pgs. 42 - 46, esp. 43). Therefore, RELATOR'S "AFFIDAVIT / ADDENDUM TO 11.07 APPLICATION IN RESPONSE TO: AFFIDAVIT OF STEN MARTI LANGSJOEN," (See, CSS at pgs. 66 - 70) as REQUESTED IN DISTRICT CLERK LETTER was to be filed in this HABEAS PROCEEDING as an ADDENDUM / REPONSE in said proceeding (See, CSS at pg. 70, Id.), and does constitute evidence in the case as it has been introduced at the hearing as ORDERED BY THE 241st DISTRICT COURT, **"BY WAY OF AFFIDAVIT ONLY."** SEE, BADGETT v STATE, 79 SW 3d 581(TEX. APP. - HOUSTON [ 14th DIST.] 2001) at 586 f.n. (2). RELATOR was prejudiced by the SMITH COUNTY DISTRICT CLERK'S FAILURE TO RESPOND WITH A FILING DATE, THUS, RELATOR'S "AFFIDAVIT / ADDENDUM TO 11.07 APPLICATION IN RESPONSE TO: AFFIDAVIT OF STEN MARTI LANGSJOEN," filed DECEMBER 02, 2014 (CSS, at pgs. 60 - 70), this included a letter to DISTRICT CLERK to file in the HABEAS PROCEEDING AS AN ADDENDUM / RESPONSE IN SAID PROCEEDING (CSS, at pg. 70). This HABEAS PROCEEDING was no more than "a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record," with "types of evidence allowed at HEARING, the court may receive evidence by AFFIDAVIT or otherwise (See, TEX. R. APP. PROC.[TRAP] RULE(S) 21.2 & 21.7)," which was the ONLY MEANS POSSIBLE TO RELATOR as ORDER specifies "..defendant is **NOT** to be brought back to SMITH COUNTY JAIL for a hearing," and the RELATOR'S AFFIDAVIT IS TO BE CONSIDERED IN ALL THINGS RELATING TO THE HEARING AS SELF-REPRESENTATION. (See, CSS, at pgs. 66 - 70).

FURTHERMORE, something is amiss in the DISTRICT CLERK and CRIMINAL DISTRICT ATTORNEY of ORIGINAL AFFIDAVIT with an AMENDED NOTICE OF FILING, and the AFFIDAVIT presented in STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS omitting the AMENDED NOTICE OF FILING (See, CSS, at 47 - 63, compare 82 - 99). RELATOR explains defects in C. THE SMITH COUNTY CRIMINAL DISTRICT ATTORNEY, D. MATT BINGHAM.

## ABUSE OF DISCRETION
## THROUGH A CONSPIRACY
## TO CONCEAL MATERIAL FACTS

RELATOR contends it is well settled law in the STATE OF TEXAS that in a prosecution of any individual an INFORMATION and/or INDICTMENT is needed to inform the individual by notice of the charges in which the STATE is willing to prove in order to properly convict him of the crime cited BEYOND A REASONABLE DOUBT of a jury of his peers in this case. (CSS, INDICTMENT at pg. 27).

ATTORNEY STEN MARTI LANGSJOEN was surely aware of the (2) two charges pending in RELATOR'S CASE, specifically, POSS CS PG 1 < 1G, CAUSE NO. 241-0009-13 (CSS, at pgs 52 & 88); and, TAMPERING / FABRICATE PHYS EVID W / INTENT TO IMPAIR, CAUSE NO. 241-0010-13 (CSS, at pgs. 56 & 91). HOWEVER, ATTORNEY OF RECORD in order to be effective upon investigation of INDICTMENT, by mere observation, one can see:

1) there is NO FILING DATE NOR SIGNATURE OF CLERK (DEPUTY)(CSS, at pg. 27):
2) INDICTMENT CERTIFICATION is incomplete, NO DATES, CLERK SIGNATURES, WITNESSES, ETC. (CSS, at pg. 28); FURTHERMORE,
3) there IS **NO ENHANCEMENT PARAGRAPH** (CSS, at pgs. 27[1 of 1] & 28, compare JUDGEMENT at **PLEA TO 1st ENHANCEMENT PARAGRAPH,** CLEARLY THERE ARE NO ENHANCEMENT PARAGRAPHS, CSS, at pgs. 27 - 30).

RELATOR, as would be known by an ATTORNEY of such caliper as STEN MARTI LANGSJOEN, as referenced in the introduction of HIS AFFIDAVIT to the 241st DISTRICT COURT, was stopped for an ASSUMED TRAFFIC VIOLATION. HOWEVER, in accordance with the INDICTMENT, assumedly issued by a GRAND JURY for CAUSE NO. 241-0010-13, was TO KNOW THAT AN INVESTIGATION **AND** OFFICIAL PROCEEDING WAS PENDING AND IN PROGRESS, TO-WIT (IN OTHER WORDS SPECIFICALLY): POSSESSION OF A CONTROLLED SUBSTANCE,...., KNOWING THAT AN OFFENSE HAD BEEN COMMITTED, TO-WIT: POSSESSION OF A CONTROLLED SUBSTANCE,...., **WHEN YOU'RE BEING STOPPED FOR AN ASSUMED TRAFFIC VIOLATION.** This point of the INDICTMENT **WAS NEVER PROVEN AND THE VERDICT BY THE JURY IS CONTRARY TO THE LAW AND THE EVIDENCE.** (CSS, at pg. 27). Add this to the KNOWN EDITED TAPES PRESENTED AS **BRADY MATERIAL,** WHEN IT IS QUITE CLEAR THAT TWO (2) POLICE OFFICER DASH CAMERAS AND ONE (1) PARAMEDIC CAMERA WOULD SENSIBLY BE THREE (3) SEPERATE AND INDIVIDUAL AUDIO / VIDEO TAPES / DVD'S, AND **NOT ONE AUDIO / VIDEO DVD, OR EDITED VERSION, OMITTING / DELETING FAVORABLE DEFENSE PORTIONS, THEREBY, DEMINISHING ANY ADEQUATE DEFENSE FOR COMFIRMING EXCESSIVE FORCE ALTERCATION FOR A TRAFFIC VIOLATION,** DENYING SUBSTANTIAL RIGHTS OF RELATOR. The U.S. SUPREME COURT has held the suppression of the co-defendants confession was a violation of the DUE PROCESS CLAUSE of the 14th AMENDMENT. SPECIFICALLY, the COURT held "SUPPRESSION BY THE PROSECUTION OF EVIDENCE FAVORABLE TO AN ACCUSED UPON REQUEST VIOLATES DUE PROCESS where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the PROSECUTION (SEE, BRADY, 373 US ___, 87, 83 S CT ____).

## ABUSE OF DISCRETION
## THROUGH A CONSPIRACY
## TO CONCEAL MATERIAL FACTS

The RECORD before the COURT OF CRIMINAL APPEALS, in regard to this ATTORNEY OF RECORD filing and/or adoption of previous ATTORNEY'S PRE-TRIAL MOTIONS, IS DEVOID OF, NOT ONLY THE FILINGS, BUT ANY RULING BY THE 241st COURT, as to MOTION TO SUPRESS, MOTION IN LAMINE, and/or ANY MOTION OR RULINGS as is sufficient to establish efficiency and effectiveness of ANY ATTORNEY (CSS, CRIMINAL DOCKET SHEET [CDS] at pgs. 105 - 110).

The 241st COURT does however give a JUDICIAL ADMISSION and ..."finds and concludes that the defendant **WAS NOT CHARGED WITH POSSESSION OF COCAINE UNDER THIS CAUSE NUMBER"** (See, WRIT OF HABEAS CORPUS FINDINGS OF FACT AND CONCLUSION OF LAW, CSS at pgs. 102 - 104, esp. pg 103; also ATTACHMENT C at pgs. 1 - 3 esp. pg. 2), and was found GUILTY OF TAMPERING / FABRICATE PHYS. EVID. W / INTENT TO IMPAIR on 05/15/2013, CAUSE NO. 241-0010-13 (CSS, DEFENDANT'S EXHIBIT B, at pg. 91), (5) five days later on 05/20/2013 the (POSSESSION CHARGE) POSS CS PG < 1G, is DISMISSED, CAUSE NO. 241-0009-13 (CSS, DEFENDANT'S EXHIBIT A, at pg. 88).

The RECORD REVEALS there was NO POSSESSION CHARGE ESTABLISHED; NO HEARING, RULING, OR FILING, OF A MOTION TO SUPPRESS; and, ONLY **AT HEARING "STATE'S NOTICE OF ENHANCEMENT"** and, **"NO PARAGRAPH OF ENHANCEMENT IN INDICTMENT"** (CSS, AT ENTIRETY). DUE PROCESS, as to THE ENHANCEMENT PARAGRAPH, cannot be deemed to be satisfied by MERE NOTICE AND HEARING, to give NOTICE ONLY UPON A CONVICTION, which in truth is used as a means to substantially deprive this RELATOR of AN INCREASED LIBERTY is a deliberate deception to the COURT, ATTORNEY, AND THIS RELATOR TO DENY DUE PROCESS. Such a contrivance by the STATE to procure additional imprisonment of a RELATOR is as inconsistent with the rudimentary demands of justice as is obtaining of a like result by intimidation. Furthermore, had ATTORNEY OF RECORD filed A MOTION TO SUPPRESS, and if the MOTION had been GRANTED, ANY ALLEGED POSSESSION would not have been admitted into evidence. Because the ALLEGED POSSESSION BY THIS RELATOR was the only direct evidence of THIS RELATOR'S POSSESSION, it is unlikely that the ALLEGED EVIDENCE IS SUFFICIENT TO SUPPORT THE CONVICTION WITHOUT A POSSESSION CONVICTION, DUE IN PART TO THE ILLEGAL ARREST AND SEARCH AND SEIZURE PROCESS OF THE POLICE OFFICERS. The FACT that these THINGS ARE MISSING from the RECORD REVEALS COUNSEL'S DEFICIENCY in this case BY THEIR OMISSION. Ineffectiveness will be sustained only if the record affirmatively supports such a claim. With that premise, a record which includes such omissions as the failure to FILE A MOTION TO SUPPRESS and a failure to object to the admission of evidence can still affirmatively support a claim of ineffectiveness. Further, the ATTORNEY OF RECORD had a process established by the TEX. R. APP. PROC. [TRAP] RULE 21, specifically:

## ABUSE OF DISCRETION
## THROUGH A CONSPIRACY
## TO CONCEAL MATERIAL FACTS

RULE 21.2 WHEN MOTION FOR NEW TRIAL REQUIRED

A MOTION FOR NEW TRIAL is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not filed in the record.

RULE 21.3 GROUNDS (IN PERTINENT PARTS)

The DEFENDANT must be GRANTED a NEW TRIAL for "ANY" of the following reasons:

(e) when evidence tending to establish the DEFENDANT'S INNOCENCE has been intentionally destroyed or **WITHHELD**, thus preventing its production at trial; and,

(h) when THE VERDICT is contrary to the law and the evidence.

This ATTORNEY OF RECORD has been anything but effective, ethical, or honest. Case and point start with his viewing of the "EDITED TAPE OF ARREST" between my brother, myself, and this attorney. Upon reviewing he did advise there were clear FEDERAL CIVIL RIGHTS charges to pursue, thus his being hired. He has continued to promise numerous issues that have been but vapor on his lips. In his letter DATED SEPTEMBER 30, 2014, he advises he would send copies of all records in his possession, to include the "VIDEO RECORDING OF RELATOR'S ARREST," as of the DATE OF THIS SUBMISSION there has been no further contacts, legal or otherwise. (See, ATTACHMENT B, STEN M. LANGSJOEN LETTER, DATED SEPTEMBER 30, 2014, 2 pgs.).

For the reasons stated ATTORNEY OF RECORD, not only at trial, but in his AFFIDAVIT before this OCURT OF CRIMINAL APPEALS has chose to CONSPIRE WITH THE STATE, as a PARTICIPANT, to conceal the facts stated herein and throughout the record. Thus relief should be GRANTED TO RELATOR.

C. SMITH COUNTY CRIMINAL DISTRICT ATTORNEY, D. MATT BINGHAM, AS PARTICIPANT.

RELATOR CONTENDS this DISTRICT ATTORNEY'S OFFICE has assumed positions beyond its jurisdiction, by and through the power of documentation, it has assumed, beyond the OFFICE OF DISTRICT ATTORNEY, SPECIFICALLY, THE JUDGE AND ATTORNEY OF RECORD, COURT and OFFICE. In a manner as follows:

The STATE FILES: "THE STATE'S ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS AND DESIGNATION OF ISSUES (CSS, at pgs. 38 - 41), but NOTICE PAGE 41 and STATE'S ANSWER have different filing dates, 2014 SEP 12 & 2014 SEP 19, also NOTICE at #3 the DATE OF NOVEMBER 14th, a Friday: SIGNED AND ENTERED ... 19th .. SEPTEMBER; now NOTICE JUDGE'S SIGNATURE (COMPARE, ATTACHMENT A, having none of the above completed). THE JUDGE JACK SKEEN, JR., JUST FILLED IN THE BLANKS and it got FILE STAMPED BY THE SMITH COUNTY DISTRICT CLERK. RELATOR'S COPY WAS ATTACHMENT A, **BLANK.**

ABUSE OF DISCRETION
THROUGH A CONSPIRACY
TO CONCEAL MATERIAL FACTS

RELATOR on OCTOBER 15, 2014, did send a letter to the SMITH COUNTY DISTRICT CLERK; COURT OF CRIMINAL APPEALS CLERK; SMITH COUNTY DISTRICT ATTORNEY, ALL RECEIVING SAME TRUE AND CORRECT DOCUMENTATION, SPECIFICALLY, NOTIFICATION OF ADDRESS CHANGE; COMPLAINING OF **BLANK DATE OF MEMORANDUM ORDER;** and, REQUEST FOR PRODUCTION....(CSS, at pgs. 42 - 46).

JANUARY -2, 2015, THE STATE FILES: "STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS," which also has attached, **"WRIT OF HABEAS CORPUS FINDINGS OF FACT AND CONCLUSION OF LAW"** BLANK (See, ATTACHMENT C, compare CSS, at pgs. 102 - 104, FILED 2015 JANUARY 12, to-wit WAS NEVER FORWARDED UNTIL SMITH COUNTY CLERK SUBMITTED CSS FILE TO COURT OF CRIMINAL APPEALS). FURTHERMORE, SMITH COUNTY DISTRICT ATTORNEY is fully aware of this RELATOR'S CURRENT ADDRESS as have received CERTIFIED LETTER DATED: OCTOBER 21, 2014 (See, ATTACHMENT E, LETTER), HOWEVER THE DISTRICT ATTORNEY decide to now on JANUARY -2, 2015 to mail RELATOR'S COPIES OF STATE'S SUPPLEMENTAL... to the previous address of, CHOICE MOORE UNIT (See, ATTACHMENT F), noticed after removal of **FWD TO:**(See, ATTACHMENT F & G), mailed JANUARY -2, 2015, RELATOR RECEIVED NOTICE OF STATE'S RESPONSE, JANUARY 07, 2015 P.M..

RELATOR, JANUARY 12, 2015, due in part to this DISTRICT ATTORNEY'S OFFICE intentional delay to RELATOR'S NOTIFICATION OF "STATE'S SUPPLEMENTAL ANSWER..." with JUDGE'S "WRIT OF HABEAS CORPUS FINDINGS OF FACT AND CONCLUSION OF LAW" attached (See, CSS, at pgs. 74 - 104, except CSS pgs. 102 - 104 looked like ATTACHMENT C, pgs. 1 - 3), thus the submission of "APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO STATE'S SUPPLEMENTAL ANSWER," with NO NOTIFICATION FROM SMITH COUNTY DISTRICT CLERK'S FILING OR FORWARDING TO THE TRIAL COURT AND/OR COURT OF CRIMINAL APPEALS.

Thus far, RELATOR has proven the STATE has caused considerable delay of RELATOR'S RIGHT TO BE TIMELY NOTIFIED. The STATE has filed (2) two seperate STATE'S ANSWERS, (1) one FILED 2014 SEP 12, (2) two FILED 2015 JAN -2 (See, CSS at pgs. 38 - 41; & 74 - 104; compare however, ATTACHMENT A to CSS pg. 41; then compare ATTACHMENT C pgs. 1 - 3 to CSS pgs. 102 - 104, esp. pgs. 3 with 104).

The STATE not ONLY FILES ANSWERS TO THIS RELATOR'S APPLICATION FOR WRIT OF HABEAS CORPUS, it also FILES THE ANSWER EXPECTED FROM THE COURT IN THE DISTRICT ATTORNEY'S OWN VIEW AND/OR WORDS. **IS THE STATE ALSO CONSIDERED THE JUDGE IN THESE MATTERS AND THE OFFICIAL JUDGE THERE FOR CREDENTIAL PURPOSE, BY NAME AND TITLE ONLY ?** How can this be considered an unbias non-prejudicial ruling when, first the JUDGE has failed to consider any of RELATOR'S DOCUMENTATION, proven in a failure to make any sort of ruling in the record before this COURT OF CRIMINAL APPEALS, second the documentation presented by the

## II

### ABUSE OF DISCRETION
### THROUGH A CONSPIRACY
### TO CONCEAL MATERIAL FACTS

STATE reveals NO CHANGES AND/OR INDIVIDUAL RULING OF THE TRIAL COURT JUDGE REFERENCING

HIS INDIVIDUAL AND/OR PERSONALIZED PERCEPTION, VIEWS, INSTINCTS, FACTS, FROM A PERSONAL

INVESTIGATION OF THE RECORD BY RULINGS OF RELATOR'S DOCUMENTATION ASSUMEDLY BEFORE

THE COURT, this brings into question the actual author of the "AFFIDAVIT OF STEN MARTI

LANGSJOEN."

The AFFIDAVIT OF STEN MARTI LANGSJOEN:

1) RELATOR was never NOTIFIED, INFORMED, OR ADVISED OF the date LANGSJOEN AFFIDAVIT was to be filed, although REALTOR made ALL PERSONS AWARE OF NON-COMPLIANCE TO NOTIFY (See, ATTACHMENT A, CSS at pg. 41, and CSS at pgs. 42 - 46, esp. pg 43);

2) AFFIDAVIT FILED 2014 NOV 14 P.M. 3:19, "NOTICE OF FILING PROPERLY SIGNED BY STEN LANGSJOEN" (See, CSS, at pg. 47), however, CERTIFICATION PAGE TO BE SIGNED BY A NOTARY PUBLIC **BLANK** (See, CSS, at pg. 51), WHY WOULD THE DISTRICT CLERK FILE A DOCUMENT NOT PROPERLY SUBMITTED, UNLESS THERE ARE OTHER MOTIVES AT PLAY ? ;

3) AFFIDAVIT is clearly not faxed because there is NO DATE / NO TIME registered on the documentation, so a reasonable person would tend to believe it was either hand delivered or sent certified mail, although, certified mail would be questionable as STEN LANGSJOEN has it signed and dated "the 14th day of NOVEMBER, 2014" (See, CSS, at pg. 47), this leaves only one alternative, that being it was hand delivered. NOW when you look at the AFFIDAVIT THROUGH ITS ENTIRETY on CSS, AT pg. 63, it **REVEALS 11/14/2014 3:08 P.M., PRECISELY 11 MINUTES BEFORE FILING, WHILE THIS MIGHT BE POSSIBLE UNDER CERTAIN CIRCUMSTANCES IT SEEM MIGHTY PECULIAR GIVEN THE PATTERN, PRACTICE, AND PROCEDURES OF THIS CRIMINAL DISTRICT ATTORNEY'S OFFICE, ESPECIALLY WHEN THE AFFIDAVIT SEEMS TO FLOW COMPLETELY IN THE DIRECTION OF THE PROSECUTION** (See, CSS, at NOTICE OF FILING pg. 47 STAMP FILED DATE AND TIME; compare CSS, at LOWER RIGHT CORNER "11/14/2014 3:08 P.M. [11 minutes]); and,

4) Four days later STEN MARTI LANGSJOEN has an "AMENDED NOTICE OF FILING" (CSS, at pgs. 64 & 65, 2014 NOV 18 P.M. 1:03), with NOTARY PUBLIC seal applied, day 14 scratched through, and the ATTORNEY STEN LANGSJOEN name compared to other documentation signatures seems less than authentic.

The CRIMINAL DISTRICT ATTORNEY OF SMITH COUNTY has become, not only the DISTRICT

ATTORNEY in this case, but, JUDGE AND ATTORNEY. This type of PROSECUTORIAL MISCONDUCT,

that not only fails to produce BRADY MATERIAL that was needed for the defensive theory,

contriving a conviction through omission of BRADY MATERIAL, and failure to prove beyond

a reasonable doubt the possession needed to LAWFULLY CONVICT FOR THE CHARGE OF

"TAMPERING WITH PHYSICAL EVIDENCE," is CONSTITUTIONALLY UNSOUND, DEMINISHES THE VERY

FIBERS OF THE JUDICIAL SYSTEM AS FOUNDED BY THIS COUNTRY'S FOUNDING FATHERS. While a

PROSECUTOR may have total immunity it should not be upheld in a manner that appoints

them as a DICTORIALSHIP as JUDGE, ATTORNEY, JURY, AND EXECUTIONER. This DISTRICT

ATTORNEY'S actions throughout this HABEAS PROCEEDING points to the extremes this OFFICE

will allude to continue the MALICIOUS PROSECUTION AND CONSPIRACY TO CONCEAL MATERIAL FACTS.

This ABUSE OF POWER UNDER LAW should not be tolerated by the COURT OF CRIMINAL APPEALS.

RELATOR SHOULD BE GRANTED RELIEF TO DENY IS TO ENJOIN CONSPIRACY TO CONCEAL.

## ABUSE OF DISCRETION
### THROUGH A CONSPIRACY
### TO CONCEAL MATERIAL FACTS

D. SMITH COUNTY, 241st DISTRICT COURT JUDGE, JACK SKEEN, JR., AS PARTICIPANT.

The JUDGE is sworn to uphold the CONSTITUTIONS AND LAWS of both, TEXAS AND THE UNITED STATES OF AMERICA. To do anything less is a NEGLECT OF DUTY and JUDICIAL MISCONDUCT, ESPECIALLY IF DONE SO UNDER THE COLOR OF LAW.

The JUDGE has a DUTY AND OBLIGATION to be impartial and fair, make RIGHT-RULINGS, DETERMINATIONS FROM THE RECORD ESTABLISHED, AND LAW PRESENTED, and not the mouth piece and yes person of the STATE.

JUDGE JACK SKEEN, JR., has NOT ACKNOWLEDGED, and /OR RULED ON, OR IN FAVOR OF, ANY REQUEST, PETITIONS, MOTIONS, AFFIDAVITS, AMENDMENTS of this RELATOR, YET HAS PROMOTED EVERY DETAIL OF ANYTHING THE STATE HAS PLACED BEFORE HIM, GRANT EVERY PRE-WRITTEN ORDER WITHOUT THOUGHT OR PERSONAL INVESTIGATION INTO THE DETAILS OF THIS CASE.

MORE SPECIFICALLY, THE "WRIT OF HABEAS CORPUS FINDINGS OF FACT AND CONCLUSION OF LAW," (See, CSS at pgs. 102 - 104, esp. 103; also, ATTACHMENT C at pgs. 1 - 3, esp. 2) with the signature of this JUDGE has become a JUDICIAL ADMISSION that the STATE has failed in this prosecution to prove "BEYOND A REASONABLE DOUBT," when the RELATOR WAS **"NOT CHARGED WITH POSSESSION OF COCAINE" NOR WAS IT PROVEN THAT RELATOR HAD POSSESSION OF COCAINE, AS REQUIRED IN INDICTMENT** (CSS at pg. 27), **THUS A DISMISSAL OF THE CHARGE "POSS CS PG1 < 1G" LISTED AS "DEFENDANT'S EXHIBIT A" IN ATTORNEY STEN MARTI LANGSJOEN AFFIDAVIT** (See, DEFENDANT'S EXHIBIT A, CSS at pg. 88) **AS IT WAS NOT PROVEN. RELATOR HAD CARE, CUSTODY, OR CONTROL (POSSESSION), AND FURTHERMORE, IT WAS NOT PROVEN ANY ALLEGED COCAINE (SEE, INDICTMENT, CSS at pg. 27) WAS LAWFULLY SEIZED, NOR COULD IT BE WITHOUT A SEARCH WARRANT ISSUANCE.** The COURT found and concluded that the defendant (RELATOR) was NOT CHARGED WITH POSSESSION OF COCAINE under this cause number (CSS at pg. 103; ATTACHMENT C at pg. 2), HAD THERE BEEN EVIDENCE SUFFICIENT TO ESTABLISH A LAWFUL SEIZURE OF ANY COCAINE IN CAUSE NO. 241-0010-13, THER WOULD NOT HAVE BEEN A DISMISSAL OF CAUSE NO. 241-0009-13, which ATTORNEY OF RECORD, STEN MARTI LANGSJOEN, SHOULD HAVE INSISTED TO PROSECUTE FIRST, **INEFFECTIVE ASSISTANCE OF COUNSEL AS THE OUT COME WOULD HAVE BEEN A DISMISSAL OF ALL CHARGES.**

JUDGE JACK SKEEN, JR., with the approval of the STATE'S WRITTEN "WRIT OF HABEAS CORPUS FINDINGS OF FACT AND CONCLUSION OF LAW," has not only given a JUDICIAL ADMISSION TO THE STATE'S FAILURE TO PROVE ALL, ESPECIALLY KEY ISSUE POSSESSION OF ASSUMED EVIDENCE THAT WAS TO HAVE BEEN TAMPERED WITH, FACTS OF THE INDICTMENT BEYOND A REASONABLE BELIEF, BY SAID APPROVAL THROUGH A NEGLECT OF JUDICIAL DUTY AND ORDER OF PROCEDURE, HAS NOW ENJOINED INTO THE ABUSE OF DISCRETION THROUGH A CONSPIRACY TO CONCEAL MATERIAL FACTS.

III
SEPERATION OF POWERS IS
A REFUTATION OF CONSPIRACY

RELATOR asserts there is still a need for checks and balances between the JUDICIAL POWERS. In this particular case this was not accomplished. When there is a need to act and failure to act when there is A DUTY TO DO SO, IT IS A RECKLESS DISREGARD OF THIS RELATOR'S FUNDAMENTAL RIGHTS coupled with the knowledge of the anticipated unjustifiable DENAIL IN THIS HABEAS PROCEEDING due to THE CONSTITUTIONAL DEPRIVATIONS already incurred IN PROCESSESOF THE PROSECUTIONS MALICIOUS MISCONDUCT, DENIAL OF BRADY MATERIAL, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE LIST GOES ON.

The fact that there was NO EVIDENCE TO PROSECUTE THE RELATOR IN CAUSE NO. 241-0009-13, "POSSESSION CHARGE", THAT WAS IDSMISSED, should be sufficient to establish that the JURY'S VERDICT WAS CONTRARY TO THE INDICTMENT, and the ATTORNEY WAS TO FILE MOTION FOR NEW TRIAL, JUDGE SHOULD HAVE DENIED THE VERDICT FOR FAILURE TO ESTABLISH POSSESSION AS SPECIFIED IN THE INDICTMENT. The STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE FACTS OF LAW ENTERED IN THE INDICTMENT TO PROVE RELATOR **"TAMPERED WITH PHYSICAL EVIDENCE."** Therefore, "The legal procedures in this case were [not] proper and as provided by the CONSTITUTION and TEXAS LAW." (See, ATTACHMENT C, WRIT OF HABEAS CORPUS FINDINGS OF FACT AND CONCLUSION OF LAW at pg. 2, #8; also, CSS at pg. 103, #8).

RELATOR has presented facts established from the record (as recalled) that show whether by calculated intent and design, or by their combined error, incompetance, apathy and ignorance, THEPARTICIPANT'S, have collectively, whether, either through acts of commission and/or omission, have entered into a "CONSPIRACY" to subject RELATOR to CONSTITUTIONAL DEPRIVATIONS AND INJURIES" thereby "INFLICTING GRIEVOUS LOSSES OF RELATOR'S PROTECTED LIFE, LIBERTY AND PROPERTY INTEREST" by and through their blatant violations and lack of requisite process before depriving RELATOR of those interest.

PARTICIPANT'S COLLECTIVE ACTS, AS COMBINED IN THEIR CONSPIRACY and as utilized in a judicial process, that as designed, structured, implemented as currently practiced in their oppressive, abusive, and grossly prejudicial application to the RELATOR is totally lacking in even a facsimile of reasonable procedural safegaurds that are CONSTITUTIONALLY sufficient to protect against unjustified deprivations of RELATOR'S FUNDAMENTAL RIGHTS AND RIGHTS TO DUE PROCESS.

PARTICIPANT'S COLLECTIVE ACTS / CONSPIRACY WILL RESULT IN VIOLATIONS THAT RISE TO THE LEVEL OF A SUBSTANTIAL DEFECT. Thereby subjecting RELATOR to the deprivation of his "FUNDAMENTAL DUE PROCESS RIGHTS." Resulting in "A COMPLETE MISCARRIAGE OF JUSTICE" that is inconsistant with fair procedure; to the substantial detriment and injury of the RELATOR.

IV

## ACKNOWLEDGEMENT

RELATOR on a TUESDAY, JANUARY 27, 2015 P.M., received the COURT OF CRIMINAL APPEALS NOTICE of receiving and presenting to said COURT, this RELATOR'S APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS, TRIAL COURT NO. 241-0010-13-A; WR - 82, 716 - 01 (See, ATTACHMENT H), this "RECEIVAL AND PRESENTMENT" took place on 1/15/2015, and NOT MAILED UNTIL JANUARY 20, 2015, RELATOR RECEIVED 1/27/2015. **"12 DAYS."**

## RELATOR'S PRAYER

WHEREFORE, PREMISES CONSIDERED, RELATOR PRAYS the HONORABLE COURT OF CRIMINAL APPEALS SET ASIDE THE JUDGEMENT AND SENTENCE BY ORDER OF ACQUITAL; ALTERNATIVELY, GRANT RELIEF JUSTIFIED THROUGH THE FACTS IN THIS CAUSE, WITH ANY AND ALL RELIEF THIS COURT DEEMS IN DEED AND EQUITY, KNOWING A FAILURE TO RULE IS TO ENJOIN THE CONSPIRACY TO CONCEAL MATERIAL FACTS.

SINCERELY,

_Maurice Cain_

MAURICE CAIN #1862514

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of RELATOR'S ORIGINAL PETITION FOR WRIT OF MANDAMUS has been served by U.S. MAIL, first class postage pre-paid, with placement in this TDCJ UNITS LEGAL MAIL RECEPTICAL, and therefore under "THE MAILBOX RULE" to be considered filed this day, addressed to:

1) COURT OF CRIMINAL APPELAS OF TEXAS, P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711;

2) LOIS ROGERS, DISTRICT CLERK SMITH COUNTY, 100 N. BROADWAY, RM. 204, TYLER, TEXAS 75702; and,

3) D. MATT BINGHAM, CRIMINAL DISTRICT ATTORNEY SMITH COUNTY, 100 N. BROADWAY, 4th FL., TYLER, TEXAS 75702.

SIGNED AND SUBMITTED THIS 06 DAY OF FEBRUARY 2015.

_Maurice Cain_

MAURICE CAIN #1862514
POWLEDGE UNIT T/C O - 81
1400 FM 3452
PALESTINE, TEXAS 75803 - 2350

cc: file
clerk
cca

13

## UNSWORN DECLARATION

I, MAURICE CAIN, TDCJ-ID NO. 18662514, PRO-SE RELATOR herein, for the matters stated in and of the "ORIGINAL PETITION FOR WRIT OF MANDAMUS" with ATTACHMENTS A - H, by confinement in THE STATE OF TEXAS entitles the use: under both FEDERAL LAW (28 USCA § 1746), and TEXAS STATE LAW (VTCA CIV. PRAC. AND REM.S CODE §§§ 132.001 - 132.003); of this "UNSWORN DECLARATION" to declare under penalty of perjury, and RELATOR DOES SO DECLARE; "IN PLACE OF A WRITTEN DECLARATION, VERIFICATION, CERTIFICATION, OATH, OR AFFIDAVIT SWORN BEFORE A NOTARY PUBLIC," THAT the facts deposed, and facts of record claimed in documentation presented are true and correct under penalty of perjury by this RELATOR. THEREFORE, with presentation of this "UNSWORN DECLARATION" ALL PRESENTED IS TO BE CONSIDERED "VERIFIED, CERTIFIED. AND SWORN TO BY THIS RELATOR."

SIGNED THIS _06_ DAY OF FEBRUARY 2015.

MAURICE CAIN #18662514
POWLEDGE UNIT T/C O - 81
1400 FM 3452
PALESTINE, TEXAS 75803 --22350

cc: file
    clerk
    cca

14

CAUSE NO. 241-0010-13-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 241st DISTRICT COURT |
| | § | |
| | § | OF |
| | § | |
| MAURICE CAIN | § | SMITH COUNTY, TEXAS |

## MEMORANDUM

The defendant, MAURICE CAIN, under a single ground for relief, alleges that he received ineffective assistance of trial counsel. To determine the merit of this claim, a hearing will be held addressing the defendant's ground for relief.

## ORDER

1. The defendant's Ground for Relief is **DESIGNATED** for future resolution.

2. A hearing will be held **by way of affidavit only** concerning the allegations of ineffective assistance of counsel. This hearing will consist of an affidavit from the defendant's trial counsel, Hon. Sten Langsjoen, relative to his representation of the defendant at trial.

3. Mr. Langsjoen shall submit an original and three copies of his affidavit to the post-conviction writ clerk by _____, **2014**. The clerk shall then mail a copy of the affidavit to the defendant **and** forward a copy of the affidavit to the appellate section of the Smith County Criminal District Attorney's Office.

4. The defendant is **NOT** to be brought back to the Smith County Jail for a hearing.

5. The clerk of the court is ordered to send a copy of this order to the defendant, Maurice Cain, TDCJ-ID # 01862514, Texas Department of Criminal Justice, Choice Moore Unit, 1700 North FM 87, Bonham, Texas 75418, and to send a copy of this order to the appellate section of the District Attorney's Office.

SIGNED AND ENTERED this the ____ day of _____, 2014.

_____
HONORABLE JACK SKEEN, JR.
Judge, 241st District Court
SMITH COUNTY, TEXAS

Page 1

**STEN M. LANGSJOEN**
ATTORNEY AND COUNSELOR AT LAW
P.O. Box 539
TYLER, TEXAS 75710-0539

<table>
<tr><td>TELEPHONE</td><td>TELEFAX</td></tr>
<tr><td>(903) 531-0171</td><td>(903) 531-0187</td></tr>
</table>

September 30, 2014

Maurice Cain, Inmate No.: 1862514
Choice Moore Facility
1700 N. FM 87
Bonham, Texas 75418

Privileged and Confidential

RE:    State of Texas v. Maurice Cain
       Cause No.: 241-0010-13
       214st Judicial District Court, Smith County

       Maurice Cain v. State of Texas
       Cause No: 12-13-00178-CR
       12th Court of Appeals, Tyler District

Dear Mr. Cain:

In regard to the above, the Trial Court's staff sent to my office, in an envelope dated 09-25-14, yours dated 09-08-14 referencing a "Motion for Order Directing Defense Counsel to Release Defendant's Records."

I do not recall receiving any requests from you for anything from the file prior to this time.

You do have a right to receive a copy of your file material in my possession, and I will forward a redacted copy of same to you as soon as the file is retrieved from storage. I do not know how to handle the delivery of the video recording of your arrest, and I will check with your prison facility staff on how this can be handled.

Upon receipt of your referenced letter, I checked the website of the 12th Court of Appeals and I see that the judgment against you was modified and affirmed, without the filing of a motion for rehearing and without the filing of a petition for discretionary review. I mention this because I do not have a copy of the Clerk's Record or of the Reporter's Record from your trial; however, copies of these records should be in the hands of the Appellate Clerk, the District Clerk, and your appellate attorney.

This is some authority that would have supported your request to the appellate court – while it continued to have jurisdiction – for you to be provided access to the Reporter's

2

Record and of the Clerk's Record; however, the appellate court may now have lost jurisdiction to hear such a request at this time. Indirect authority for a request to the appellate court can be found in <u>Kelly v. State of Texas</u>, 436 S.W.3d 313 (Tex. Crim. App. 2014). The <u>Kelly</u> opinion dealt with an appellant's right to seek the appellate court's help in receiving copies of the Reporter's Record and of the Clerk's Record while the appellant was within his time limit to seek PDR relief. Since you are now out of your time limit to seek further substantive relief from the appellate court, <u>Kelly</u> may not support the appellate court hearing your motion, but it will not hurt to try.

You can try two things to obtain the Reporter's Record and of the Clerk's Record: 1) send a letter to your appellate attorney and ask him to send you these records; and 2) you can try completing and filing the enclosed form Motion for *Pro Se* Access to the Appellate Record. You must sign and date the document where indicated and send the original to the appellate clerk for filing: Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, Texas 75702, Attention: Cathy Lusk, Clerk]. The Certificate of Service should be completed and copies of the Motion should be sent to your appellate attorney and to the State's appellate attorney.

Best of luck to you.

Respectfully,

STEN M. LANGSJOEN

SML/sl (w/ enc.)

CAUSE NO. 241-0010-13-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 241st DISTRICT COURT |
| | § | |
| | § | OF |
| | § | |
| MAURICE CAIN | § | SMITH COUNTY, TEXAS |

## WRIT OF HABEAS CORPUS
## FINDINGS OF FACT AND CONCLUSION OF LAW

The defendant in Cause Number 241-0010-13 has filed his first Application for a Writ of Habeas Corpus. The State filed a Response. The Court hereby enters its findings and conclusions.

The Court takes judicial notice of all prior proceedings, reporter's records, the documents and papers contained in the files, and the docket sheets in Cause Number 241-0010-13 and the first Application for Writ of Habeas Corpus in Cause Number 241-0010-13-A.

The Court enters the following Findings of Fact and Conclusions of Law:

1. The defendant, MAURICE CAIN, was indicted in Cause No. 241-0010-13, filed in the 241st District Court of Smith County, Texas, with the offense of Tampering with Physical Evidence.

2. The defendant pled "not guilty," and a jury trial was held. After the jury found him guilty, the defendant pleaded "true" to the State's notice of enhancement, and the jury assessed punishment at twenty years of imprisonment and a $10,000.00 fine. On June 30, 2014, the 12th Court of Appeals affirmed the conviction and sentence. *Cain v. State*, No, 12-13-00178-CR, 2014 Tex.App. LEXIS 7037 (Tex.App. - Tyler June 30, 2014, *no pet.*) (not designated for publication).

4. On September 3, 2014, the defendant filed his first Application for a Writ of Habeas Corpus. The State filed a response seeking a designation of issues and an affidavit from the defendant's trial attorney, Mr. Sten Langsjoen. Said affidavit was subsequently provided to the Court.

4

5. In his writ application, the defendant complains that his trial attorney, Mr. Sten Langsjoen was ineffective for failing to obtain allegedly "unedited" copies of the video recordings of the traffic stop and arrest of the defendant.

6. The Court takes judicial notice of all prior proceedings and files. The Court further finds and concludes that:

The basis of the claim under this writ application is that Mr. Langsjoen was ineffective for not obtaining copies of allegedly "unedited" videos that would have shown the jury at trial that "excessive force" was used in his arrest and which would also "support a finding that drugs was planted on the defendant. . ."

Initially, the Court finds and concludes that the defendant was not charged with possessing cocaine under this cause number. Further, Mr. Langsjoen in his affidavit asserts that he received full discovery from the State. He further avers that the testimony and video evidence offered by the State at trial "adequately demonstrated the force used against Mr. Cain during his arrest, and provided the jury with a description of Mr. Cain's injuries and his subsequent medical care for those injuries." The defendant has not argued in his writ application that the arrest video admitted at trial did not show the use of force against him by police, or that the jury was unaware of the force used by police in their attempt to preserve the evidence the defendant was trying to destroy. Mr. Langsjoen additionally states in his affidavit that the force shown on the trial video constituted mitigating evidence for the defendant.

The Court finds and concludes that the defendant has not offered any credible evidence that Mr. Langsjoen was ineffective for the reasons alleged under his ground for relief, or that he suffered any harm therefrom.

7. The Court finds and concludes that the defendant's writ allegations consist solely of the barest allegations with no valid basis in the record or the law.

8. The legal procedures in this case were proper and as provided by the Constitution and Texas law.

9.   The Court concludes that this Application for Writ of Habeas Corpus is not well taken and should in all things be DENIED.

10.  The Court after review of the application for habeas relief, any answer, and the file, finds and determines that there are no controverted previously unresolved facts material to the legality of the defendant's confinement.

## ORDER

The Court orders the Clerk of the Court to immediately transfer to the Court of Criminal Appeals:

(1)   a copy of the Application for Writ of Habeas Corpus;

(2)   any answers and waivers executed by the State;

(3)   a copy of the files and docket sheets in the original cause of action and the files and docket sheets in the first Application for Writ of Habeas Corpus; and

(4)   This certificate.

SIGNED AND CERTIFIED on this _____ day of _____, 2015.


_____
HONORABLE JACK SKEEN, JR.
Judge, 241st District Court
SMITH COUNTY, TEXAS

Page 3

CAUSE NO. 241-0010-13-A

EXPARTE                              §               IN THE 241st DISTRICT

                                     §               COURT OF

MAURICE CAIN                         §               SMITH COUNTY, TEXAS

APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO

STATE'S SUPPLEMENTAL ANSWER

TO THE HONORABLE JUDGE OF THE 241st DISTRICT COURT:

COMES NOW MAURICE CAIN, APPLICANT PRO-SE, with APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO STATE'S SUPPLEMENTAL ANSWER, IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS, and respectfully states the following to the COURT:

I. HISTORY OF THE CASE

Applicant, MAURICE CAIN, was indicted in Cause No. 241-0010-13, filed in the 241st District Court of Smith County, Texas, with the offense of Tampering with Physical Evidence (TEXAS PENAL CODE[TPC] §37.09). Applicant pled "not guilty," and a jury trial was held. After the jury found him guilty, Applicant pleaded "true" to the State's notice of enhancement, and a jury assessed punishment at twenty years of imprisonment and a $10,000.00 fine. On June 30, 2014, the 12th Court of Appeals affirmed Applicant's conviction and sentence. CAIN v STATE, NO. 12-13-00178-CR, 2014 Tex App LEXIS 7073 (Tex App - TYler June 30, 2014, no pet.)(not designated for publication).

II. APPLICANT'S ALLEGATIONS

Applicant alleges under a single ground that his trial attorney, Sten Marti Langsjoen, was ineffective. (Writ App at 6-7).

Applicant alleges Trial Attorney, The State, and the District Clerk's Office are CONSPIRING TO CONCEAL FACTS in this cause, denying a fair and impartial ruling in this HABEAS PROCEEDING.

Applicant Alleges without PHYSICAL EVIDENCE LAWFULLY OBTAINED under the guise of a PRETEXT ARREST / STOP / DETENTION for a TRAFFIC VIOLATION there is NO COMMISSION OF THE OFFENSE, "TAMPERING WITH PHYSICAL EVIDENCE" as legislated in the LAWS OF TEXAS. (TPC § 37.09). Clear VIOLATION OF TEXAS LAW AS LEGISLATED FOR THE COMMISSION OF "TAMPERING WITH PHYSICAL EVIDENCE."

1

7

## III. STATEMENT OF FACTS

A. TEXAS PENAL CODE [TPC] §37.09 (IN PERTINENT PARTS) states:

a) Aperson commits an offense if, "KNOWING" that an "INVESTIGATION OR OFFICIAL PROCEEDING IS PENDING OR IN PROGRESS," he:

1) alters, destroys, or conceals "ANY RECORD, DOCUMENT, OR THING" with "THE INTENT" to impair its verity, legibility, or availability as evidence "IN THE INVESTIGATION OR OFFICIAL PROCEEDING;" or (2),(b),(c) Not Applicable (N/A)

d) A person commits an offense if the person:

1) "KNOWING THAT AN OFFENSE HAS BEEN COMMITTED," alters, destroys, or conceals "ANY RECORD, DOCUMENT, OR THING WITH INTENT" to impair, its verity, legibility, or availability as evidence as evidencein any subsequent "INVESTIGATION OF" or "OFFICIAL PROCEEDING RELATED TO THE OFFENSE;: or No further Applicability.

B. APPLICANT WAS STOPPED FOR A "TRAFFIC VIOLATION (AS RECALLED) FOR FAILURE TO PROPERLY EXECUTE A TURN," therefore:

a) APPLICANT does not concede he committed any traffic violation, nor was he "AWARE OF ANY INVESTIGATION OR OFFICIAL PROCEEDING PENDING OR IN PROGRESS, OR THAT ANY OFFENSE HAD BEEN COMMITTED FOR THE ASSUMED TRAFFIC STOP, NOR DID HE ALTER, DESTROY, OR CONCEAL ANY RECORD, DOCUMENT, OR THING WITH INTENT TO IMPAIR, ITS VERITY, LEGIBILITY, OR AVAILABILITY AS EVIDENCE IN ANY SUBSEQUENT INVESTIGATION OF OR OFFICAIL PROCEEDING RELATED TO THE TRAFFIC STOP (THE OFFENSE) WHEN HE STEPPED OUT OF THE VEHICLE TO ONLY BE ASSUALTED THROUGH AN ABUSE OF FORCE FOR AN ASSUMED TRAFFIC STOP, BY TWO OFFICERS, SPECIFICALLY, OFFICER STEPHEN BLACK AND JOSHUA HILL.

b) APPLICANT was not proven beyond a reasonable doubt to have committed the offense, AS LEGISLATED BY TEXAS LAW, OF "TAMPERING WITH PHYSICAL EVIDENCE."

c) APPLICANT poses the question, "WHAT PHYSICAL EVIDENCE CAN ONE TAMPER WITH FOR THE OFFENSE OF A TRAFFIC VIOLATION ?"

C. OFFICERS PHYSICALLY ASSUALT, THROUGH AN ABUSE OF FORCE, APPLICANT UPON EXECUTING THE TRAFFIC STOP AND UPON SUBDUING APPLICANT, WITHOUT WRITTEN CONSENT, OR OTHERWISE, NOR EXIGENT CIRCUMSTANCES, WOTHOUT WARRANT, MAKE THE DECISION TO SEARCH THE VEHICLE.

D. DISTRICT ATTORNEY'S OFFICE filed on 01/03/2013, that on 03/07/12 – POSS CS PG 1 < 1G a STATE JAIL FELONY, against APPLICANT which was "DISMISSED 05/20/2013." Attachment marked "DEFENDANT'S EXHIBIT A" of DEFENSE ATTORNEY STEN LANGSJOEN AFFIDAVIT submitted to the 241st TRIAL COURT HABEAS PROCEEDING.

2

8

III. STATEMENT OF FACTS (CONTINUED)

E. STATE'S ATTORNEY was allowed to present as evidence an "EDITED DVD" instead of the three (3) seperate and original tapes of the TWO SEPERATE POLICE CARS AND THE PARAMEDIC VIDEO, THEREBY PREJUDICING THE APPLICANT, DENYING FAIR AND IMPARTIAL TRIAL.

F. APPLICANT has presented and "REQUEST RULINGS AND CONSIDERATION IN THIS HABEAS PROCEEDING PRIOR TO ANY ORDER ISSUANCE," to the DISTRICT CLERK OF SMITH COUNTY as follows:

   a) MAILED OCTOBER 15, 2014:

1) REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED PHOTOGRAPHIC / SOUND RECORDINGS, CERTAIN ASSOCIATED POLICIES, AND INFORMATION PURSUANT TO BOTH: TEXAS ALW, RULE 192 TEX. R. CIV. PROC. AND, FEDERAL LAW, RULE 34, FED. R. CIV. PROC., WITH LETTERS TO "NOTICE CHANGE OF ADDRESS," TO:

   a) D. MATT BINGHAM, CRIMINAL DISTRICT ATTORNEY SMITH COUNTY;

   b) LOIS ROGERS, DISTRICT CLERK SMITH COUNTY; and,

   c) ABEL ACOSTA, COURT OF CRIMINAL APPEALS, AUSTIN, TEXAS.

   b) MAILED DECEMBER 01, 2014:

1) AFFIDAVIT / ADDENDUM TO 11.07 APPLICATION IN RESPONSE TO: AFFIDAVIT OF STEN MARTI LANGSJOEN, to LOIS ROGERS, DISTRICT CLERK SMITH COUNTY; and,

   c) MAILED DECEMBER 14, 2014;

1)MOTION ORDERING ACCESS TO RECORDS, LOIS ROGERS SMITH COUNTY DISTRICT CLERK.

G) STATE'S ATTORNEY HAS FILED "STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABES CORPUS," JANUARY 02, 2015, INTENTIONALLY MAILED TO APPLICANT'S OLD ADDRESS OF CHOICE MOORE UNIT, 1700 NORTH FM 87, BONHAM, TEXAS 75418 (SEE CERTIFICATE OF SERVICE: LETTERS OF NOTICE AT (F)(a)(1)(a): and previous certified LETTER FROM CRIMINAL DISTRICT ATTORNEY OFFICE, NO. 7014 1200 0000 7815 2813, MAILED OCTOBER 21 2014). This was "CLEARLY AN INTENTIONAL ACT TO PREJUDICE ANY RESPONSE IN A TIMELY MANNER BEFORE COURT RULES ON HABEAS PROCEEDING." APPLICANT RECEIVED THIS NOTICE OF STATE'S RESPONSE THE EVENING OF JANUARY 07, 2015.

H) TAMPERING WITH PHYSICAL EVIDENCE AS EXPLAINED IN TPC § 37.09 a person is to be proven to be in the care, custody, and control (POSSESSION) of said evidence, A BURDEN OF PROOF THE STATE WAS UNABLE, NOR HAS ADDRESSED, TO OBTAIN AS SHOWN IN THE DISMISSAL OF THE POSSESSION CHARGE AGAINST APPLICANT AS THE ASSUMED EVIDENCE HAD TO BE OBTAINED LAWFULLY, INSTEAD OF PRETEXTED FROM AN ASSUMED TRAFFIC STOP THROUGH ALLEGATIONS OF LEAVING AN UNSPECIFIED ASSUMED DRUG AREA.

3

IV: APPLICANT'S BURDEN OF PROOF

APPLICANT'S BURDEN OF PROOF is hard to overcome when THE DISTRICT CLERK OF SMITH COUNTY, THE DISTRICT ATTORNEY OF SMITH COUNTY, AND ATTORNEY OF RECORD STEN MARTI LANGSJOEN, the participants hereinafter, have entered into an agreement inferred from the concert actions among the participants and to be considered voluntary from the collation of circumstances. See 18 USCA 371; Also, US v THON, 917 F 2d 170, Id.

APPLICANT'S ATTORNEY, STEN MARTI LANGSJOEN, has coincidently, through his affidavit given the exact responses needed by DISTRICT ATTORNEY to play down the use of an edited from original three (3) tapes their protrayal of the incidental arrest of an excessive abuse of officers for a traffic stop. One would think from ATTORNEY LANGSJOEN'S lengthy resume at the beginning of his affidavit had he benn affectively considering his client, the APPLICANT, he might have chosen some language more in favor to the APPLICANT. Instead, he chose to favor a response more in favor of the STATE'S abusive actions for edited view of the incident depicted through the manipulated three (3) potion DVD from three (3) seperate VIDEOS, two (2) police camera and one (1) PARAMEDIC VIDEO, OMITTING RELEVANT PORTIONS VIABLE TO THE DEFENSE.

DISTRICT CLERK OF SMITH COUNTY, has refused to either, submit to the 241st TRIAL COURT the documentation stated herein for review and consideration by the court in the HABEAS PROCEEDING, nor have they confirmed filing to this APPLICANT, a courtesy extended to ATTORNEY'S but not for ANY PRO-SE LITIGANT.

The DISTRICT ATTORNEYS OFFICE has intentionally sent their SUPPLEMENTAL RESPONSE TO APPLICANT'S last unit in TDCJ, as they were fully aware that APPLICANT HAD BEEN MOVED.

THEREFORE, when there is a need to act and failure to act when there is a duty to DO SO, IT IS A RECKLESS DISREGARD OF THIS APPLICANT'S RIGHTS coupled with the knowledge of an anticipated unjustifiable denial in this HABEAS PROCEEDING due to the CONSTITUTIONAL DEPRIVATIONS already incurred in a process of prosecutorial misconduct, denial of BRADY MATERIAL, INEFFECTIVE ASSISTANCE OF COUNSEL, AND DISTRICT CLERKS FAILURE TO PROPER FILINGS TO THE COURT, WITH NOTICE TO FILINGS THERE IS CIRCUMSTANTIAL EVIDENCE SUFFICIENT TO ESTABLISH A "CONSPIRACY TO CONCEAL FACTS TO DENY APPLICANT A JUSTIFIABLE HABEAS RULING BY THE COURT UNDER FEDERAL LAW.

The facts established from the record show whether by calculated intent and design, or by their combined error, incompetance, apathy and ignorance, have collectively, whether, either through their acts of commission and/or omission, have entered into a "CONSPIRACY" to subject APPLICANT to CONSTITUTIONAL DEPRIVATIONS AND INJURIES" thereby "INFLICTING GRIEVOUS LOSSES OF APPLICANT'S PROTECTED LIFE, LIBERTY AND PROPERTY INTEREST" by and through their blatant violations and lack of requisite process before depriving APPLICANT of those interest.

Their collective acts, as combined in their CONSPIRACY and as utilized in a judicial

4

/ O

process, that as designed, structured, implemented as currently practiced in their oppressive, abusive, and grossly prejudicial application to the APPLICANT is totally lacking in even a facsimile of reasonable procedural safegaurds that are CONSTITUTIONALLY sufficient to protect against unjustified deprivations of APPLICANT'S fundamental RIGHTS AND RIGHTS TO DUE PROCESS.

Their COLLECTIVE ACTS / CONSPIRACY WILL RESULT IN VIOLATIONS THAT RISE TO THE LEVEL OF A SUBSTANTIAL DEFECT. Thereby subjecting APPLICANT to the deprivation of his fundamental "DUE PROCESS RIGHTS." Resulting in a complete MISCARRIAGE OF JUSTICE that is inconsistant with fair procedure; to the substantial detriment and injury of the APPLICANT.

V. APPLICANT'S PRAYER

WHEREFORE, PREMISES CONSIDERED, APPLICANT PRAYS the HONORABLE JUDGE OF COURT will have the SMITH CIUNTY DISTRICT CLERK produce all documentation submitted by APPLICANT listed herein; this HONORABLE COURT JUDGE RULE ON APPLICANT'S SUBMITTED DOCUMENTATION; CONSIDER ALL DOCUMENTATION SUBMITTED BY APPLICANT IN DETERMINING ANY RULING IN THIS HABEAS PROCEEDING; RESCIND ANY ORDERS RULE ON PRIOR TO THIS APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO STATE'S SUPPLEMENTAL ANSWER; MAKE ALL DOCUMENTAION PART OF THE HABEAS RECORD FOR THE COURT OF CRIMINAL APPEALS DECISION / RULING; with any relief the HONORABLE COURT JUDGE deems in deed and equity, thereby GRANTING APPLICANT'S WRIT OF HABEAS CORPUS.

SINCERELY"

_____
MAURICE CAIN #1862514

CERTIFICATE OF SERVICE

I certify that a true and correct copy of APPLICANT'S SUPPLEMENTAL ANSWER / REQUEST IN OPPOSITION TO STATE'S SUPPLEMENTAL ANSWER has been served by U.S. MAIL, first class postage prepaid, with placement in this TDCJ UNITS LEGAL MAIL RECEPTICAL, and therefore under "THE MAILBOX RULE" to be considered filed this day, addressed to:

1) LOIS ROGERS DISTRICT CLERK SMITH COUNTY, 100 N. BROADWAY, RM. 204, TYLER, TEXAS 75702; and,

2) D. MATT BINGHAM, CRIMINAL DISTRICT ATTORNEY SMITH COUNTY, 100 N. BROADWAY, 4th FL., TYLER, TEXAS 75702.

SIGNED AND SUBMITTED THIS _12_ DAY OF JANUARY 2015.

_____
MAURICE CAIN #1862514

(THIS IS A HAND TYPED COPY DUE TO UNIT REFUSAL TO RUN COPIES, UNSWORN DECLARATION & CLERK'S LETTER OMITTED).

5

*Attachment E*

OFFICE OF
**CRIMINAL DISTRICT ATTORNEY**
SMITH COUNTY COURTHOUSE
TYLER, TEXAS 75702



7014 1200 0000 7815 2813



PITNEY BOWES

02
0001375394 OCT. 21. 2014

$06.43

O-81

Maurice V. Cain
TDCJ# 1862514
Louis C. Powledge Unit
1400 FM 3452
Palestine, TX 75803


ZIP 75702 $ 0
02.1W
000 380288 JAN 02



OFFICE OF
**CRIMINAL DISTRICT ATTORNEY**
SMITH COUNTY COURTHOUSE
TYLER, TEXAS 75702

Maurice Cain, TDCJ-ID # 01862514
Texas Department of Criminal Justice
Choice Moore Unit, 1700 North FM 87
Bonham, Texas 75418

FWD TO:
Powledge Unit
1400 FM 3452
Palestine, Texas 75803

B2

*Attachment F*

ZIP 75702
02 1W
0001380288

 OFFICE OF
**CRIMINAL DISTRICT ATTORNEY**
SMITH COUNTY COURTHOUSE
TYLER, TEXAS 75702

Maurice Cain, TDCJ-ID # 01862514
**FWD TO:**
**Powledge Unit**
1400 FM 3452
Palestine, Texas 75803

*Attachment G*

B2

*Attachment H.*

*Rec'd 1/27/15*

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE



$ 00.26$^5$

02 1M
0004279596    JAN 20 2015
MAILED FROM ZIP CODE 78701

WR-82,716-01

**1/15/2015**

**CAIN, MAURICE V.        Tr. Ct. No. 241-0010-13-A**
On this day, the application for 11.07 Writ of Habeas Corpus has been received and presented to the Court.

Abel Acosta, Clerk

MAURICE V. CAIN
POWLEDGE UNIT - TDC # 1862514
1400 FM 3452
PALESTINE, TX  75882

/8/

IEBN3B  75882